UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-322(2)(DSD/SRN)

United States of America,

        Plaintiff,

v.                                                    **ORDER**

Arthur James Griffin,

        Defendant.


This matter is before the court upon defendant's objection to Magistrate Judge Susan R. Nelson's December 17, 2008, report in which she recommends denying defendant's motion to suppress statements. Based upon a review of the file, records and proceedings herein, the court adopts the report and recommendation.


**DISCUSSION**

The court reviews the report and recommendation of a magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). In her report, the magistrate judge recommends that defendant's motion to suppress be denied because defendant's oral waiver of his Miranda rights was voluntary, knowing and intelligent and because a written waiver was not required. Defendant objects, arguing that the government did not establish a valid Miranda waiver.

Before subjecting an individual to custodial interrogation, police must inform him of his rights under Miranda v. Arizona, 384

U.S. 436, 444 (1966).  United States v. Torres-Lona, 491 F.3d 750, 757 (8th Cir. 2007).  A defendant may voluntarily, knowingly and intelligently waive his Miranda rights.  United States v. Gallardo, 495 F.3d 982, 990 (8th Cir. 2007).  A waiver is knowing and intelligent if a defendant has "'full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'"  Id. (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)).  A court is guided by the totality of the circumstances in determining whether a Miranda waiver was knowing and intelligent. Id.  The government must show a valid waiver by a preponderance of the evidence.  See United States v. Black Bear, 422 F.3d 658, 663 (8th Cir. 2005).

Defendant was arrested on September 30, 2008, after attempting to sell cocaine to an undercover officer.  Before interviewing defendant, law enforcement officers explained who they were and showed defendant their identification cards.  The officers then read defendant his Miranda rights verbatim from a standard-issue card.  Defendant indicated that he understood his rights and said he was willing to speak with the officers.  Defendant cooperated during the interview and appeared to understand what was taking place.  Although defendant indicated he had taken Nyquil earlier in the day for a cold, he did not appear to be impaired or under the influence of drugs or alcohol.  Defendant did not ask for an attorney.

Considering the totality of these circumstances, the court determines that the government proved by a preponderance of the evidence that defendant knowingly, voluntarily and intelligently waived his <u>Miranda</u> rights.   Further, the Fifth Amendment does not require a written <u>Miranda</u> waiver, and defendant's oral waiver was sufficient.   <u>See</u> <u>United States v. Williams</u>, 429 F.3d 767, 772 (8th Cir. 2005).   Accordingly, **IT IS HEREBY ORDERED** that defendant's objection [Doc. No. 103] to the magistrate judge's report and recommendation [Doc. No. 102] is overruled and defendant's motion to suppress statements [Doc. No. 29] is denied.

Dated:  January 6, 2009


<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court