```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 08-322(2)(DSD)
```

United States of America,

        Plaintiff,

v.                                            **ORDER**

Arthur Jamar Griffin,

        Defendant.


This matter is before the court upon the pro se motion by defendant Arthur Jamar Griffin ("Griffin") for relief from a judgment or order pursuant to Rule 60(b). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this matter is fully set out in previous orders, and the court recites only those facts necessary to the disposition of the instant motion. On January 13, 2009, a jury convicted Griffin of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 851. The court sentenced Griffin to a term of imprisonment of 120 months. See ECF No. 133.

On May 3, 2010, Griffin moved to vacate, set aside or correct the court's sentence on several grounds, pursuant to 28 U.S.C.

§ 2255. See ECF No. 148. The court denied the motion in part and scheduled an evidentiary hearing on Griffin's argument that his counsel was ineffective by failing to appeal. See ECF No. 155. On October 12, 2010, Griffin withdrew from consideration the issue of whether he asked his counsel to appeal, and the court canceled the evidentiary hearing. On October 19, 2010, the court issued an order denying the § 2255 motion. See ECF No. 167. Griffin now moves for relief from judgment pursuant to Rule 60(b). See ECF No. 171.

## DISCUSSION

A court may grant relief under Rule 60(b) if, among other reasons, "the judgment is void" or if there is "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(4), (6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2255 petition. See, e.g., United States v. Borrero, Nos. 03-281, 08-1160, 2010 WL 3927574, at *1 (D. Minn. Oct. 5, 2010). Under § 2255, however, "a second or successive § 2255 motion may not be entertained by a district court unless the defendant has obtained approval from the Court of Appeals. The Eighth Circuit has repeatedly held that a defendant may not avoid this restriction by couching a second or successive motion as a Rule 60(b) motion." Id. (citations omitted). If a

2

purported Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the ... motion to the Court of Appeals." Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

A review of the instant motion demonstrates that it is a successive habeas petition. Rule 60(b) motions "allow[] for attacks on the integrity of a civil habeas proceeding, but do[] not allow for the attack of the underlying conviction and sentencing in [a] criminal case." United States v. Graham, No. 98-1797, 2005 WL 2105474, at *2 (D. Minn. Aug. 26, 2005) (citation omitted). Here, Griffin does not challenge the integrity of his habeas proceedings. Rather, Griffin argues that relief is justified based on the holding of Alleyne v. United States, 133 S. Ct. 2151 (2013). Specifically, Griffin argues that the holding of Alleyne — that all facts increasing the mandatory minimum sentence must be submitted to a jury — entitles him to reconsideration of his sentence. See id. at 2155. Because Griffin's motion "does not attack the procedure surrounding his habeas motion, but rather, his conviction and sentencing," it is correctly characterized as a successive § 2255 motion. Graham, 2005 WL 2105474, at *2; cf. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) ("[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim ...

3

would impermissibly circumvent the requirement that a successive habeas petition [pursuant to 28 U.S.C. § 2244] be precertified by the court of appeals as falling within an exception to the successive-petition bar." (citation omitted)). As a result, because Griffin has not obtained certification to file a successive motion from the Eighth Circuit, the motion is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for relief from judgment [ECF No. 171] is denied.

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 23, 2013

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court